| | |
|---|---|
| BOSTON PIZZA RESTAURANTS, LP, § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> BOSTCG LLC; PIYUSHKUMAR PATEL; AND § <br> SMITABEN PATEL, § <br> DEFENDANT. § | CIVIL ACTION NO. _____ |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW** Plaintiff Boston Pizza Restaurants, LP ("**Plaintiff**") and files its Original Complaint, respectfully showing the Court as follows:

### I. Parties

1. Plaintiff is a Delaware limited partnership,[1] which upon information and belief has no partner of which is a citizen or resident of the same jurisdiction of any defendant, directly or derivatively, with its principal place of business in the Northern District of Texas.

2. BOSTCG LLC f/k/a BOSTONS LLC ("**BOSTCG**") is an Arizona limited liability company, and upon information and belief, no member of which is citizen or resident of the same jurisdiction of any partner of Boston Pizza, directly or derivatively, who can be served with summons by serving its registered agent Piyushkumar Lalbhai Patel at: (1) 222 S. Freeway, Tucson, Arizona 85742; or (2) wherever he may be found.

---

[1] Plaintiff has: (1) one general partner, which is a corporation formed in Delaware and with its principal place of business in Dallas, Texas; and (2) one limited partner, which is a limited partnership. This limited partnership is solely owned by another limited partnership, which is solely owned by a trust, and the trustee of this trust is a Canadian citizen.
.

3. Piyushkumar Patel a/k/a Piyushkumar Lalbhai Patel a/k/a Piyush Patel ("**Piyush**") is a citizen and resident of Arizona who can be served with summons at: (1) 2128 W. Owl's Peak Place, Tucson, Arizona 85742; (2) 222 S. Freeway, Tucson, Arizona 85742; or (3) wherever else he may be found.

4. Smitaben Patel ("**Smitaben**") is a citizen and resident of Arizona who can be served with summons at: (1) 2128 W. Owl's Peak Place, Tucson, Arizona 85742; (2) 222 S. Freeway, Tucson, Arizona 85742; or (3) wherever else she may be found.

## II. Jurisdiction & Venue

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter is controversy exceeds the sum or value of $75,000 and is between citizens of different States.

6. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to these causes of action occurred in this judicial district as well as pursuant to a contractual forum-selection clause.

## III. Facts

7. Plaintiff and BOSTCG entered that certain Franchise Agreement dated effective January 22, 2015 (the "**Franchise Agreement**"), whereby Plaintiff licensed BOSTCG the right to operate a "Boston's The Gourmet Pizza Restaurant & Sports Bar®" (the "**Restaurant**") at the location commonly known as the 800 Block of Cacheries Court, the City of Casa Grande, County of Pinal, State of Arizona (the "**Franchised Location**").

8. Under Section XV(A) of the Franchise Agreement, BOSTCG covenanted that BOSTCG and Piyush shall devote full time, energy, and best efforts to the efficient and effective management and operation of the Restaurant. Under Section XV(G) of the Franchise

Agreement, BOSTCG agreed to support Plaintiff's mission and to conduct business in accordance with Plaintiff's operating policies and stated principles.

9. Under Section XIII(A) of the Franchise Agreement, BOSTCG shall be deemed in Material Default, and Plaintiff is entitled, at its option, terminate the Franchise Agreement without opportunity to cure if: (1) BOSTCG ceases to do business for two or more consecutive days, excluding holidays; (2) BOSTCG purports to transfer any rights or obligations under the Franchise Agreement to any third party without Franchisor's prior written consent, contrary to any of the terms of Section XII of the Franchise Agreement; (3) BOSTCG fails to comply with any of the covenants set forth in Section XV of the Franchise Agreement; and (4) BOSTCG willfully and repeatedly engages in a course of conduct that constitutes a deceptive act or practice in connection with the sale of services and products. Among other Materials Defaults, BOSTCG violated each of the foregoing.

10. Under Section XIII(F) of the Franchise Agreement, in the event of termination of the Franchise Agreement by Plaintiff based on a Material Default by BOSTCG, BOSTCG agreed to pay Plaintiff as fair and reasonable liquidated damages an amount equal to three years of projected Royalty Fees, which are computed using the average monthly Gross Sales during the last six months that business was conducted at the Franchised Location.

11. Piyush executed that certain Guaranty and Undertaking dated January 22, 2015 (the "**Piyush Guaranty**") whereby Piyush guaranteed payment, performance, and collection and agreed to be bound by all obligations of the Franchise Agreement. Piyush has failed to comply with these obligations.

12. Smitaben executed that certain Guaranty and Undertaking dated January 22, 2015 (the "**Smitaben Guaranty**") whereby Smitaben guaranteed payment, performance, and

collection and agreed to be bound by all obligations of the Franchise Agreement. Smitaben has failed to comply with these obligations.

13. After intentionally and fraudulently continuing to operate the Restaurant for a number of weeks in a manner designed to generate revenue figures in an amount less than its customary revenue figures, for the purpose of reducing the amount of liquidated damages that would otherwise be due under the Franchise Agreement, BOSTCG ultimately closed the Restaurant.

14. BOSTCG materially breached the Franchise Agreement in multiple respects. Likewise, Piyush materially breached the Piyush Guaranty in multiple respects, and Smitaben materially breached the Smitaben Guaranty in multiple respects. Without limiting the foregoing, BOSTCG, Piyush, and Smitaben materially breach the Franchise Agreement by intentionally continuing to operate the Restaurant (rather than close its operation) in a fashion intended to reduce the revenue figures of the Restaurant with the design to reduce the amount of liquidated damages that BOSTCG, Piyush, and Smitaben (collectively, "**Defendants**") owe Plaintiff under the Franchise Agreement, Piyush Guaranty, and Smitaben Guaranty.

15. By letter dated August 9, 2023, Plaintiff terminated the Franchise Agreement and made written demand upon Defendants for payment.

### IV.  <u>Causes of Action</u>

16. All conditions precedent to Plaintiff's recovery have occurred or have been waived, excused, or otherwise satisfied. All notices required have been provided, waived, excused, or otherwise satisfied.

17. Plaintiff pleads seeks relief under any and all causes of action for which these facts support relief, whether or not specifically pled below, regardless of whether or not

specifically pled below, and Plaintiff repeats and incorporates the allegations contained in paragraphs 1-16 herein for all purposes.

**A. Breach of Contract**

18. The Franchise Agreement is valid, binding agreement between Plaintiff and BOSTCG. BOSTCG materially breached the Franchise Agreement. Plaintiff suffered damages as a natural, probable, and foreseeable result of such breaches.

19. The Piyush Guaranty is valid, binding agreement between Plaintiff and Piyush. Piyush materially breached the Piyush Guaranty. Plaintiff suffered damages as a natural, probable, and foreseeable result of such breaches.

20. The Smitaben Guaranty is valid, binding agreement between Plaintiff and Smitaben. Smitaben materially breached the Smitaben Guaranty. Plaintiff suffered damages as a natural, probable, and foreseeable result of such breaches.

21. Plaintiff seeks judgment against Defendants, jointly and severally, for contractual liquidated damages (or alternatively, actual damages and consequential damages including lost profits), court costs, pre- and post-judgment interest, and attorneys' fees.

## V. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court enter judgment in its favor against Defendants for all relief requested herein or that are available under these facts and award Plaintiff all such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**PATEL GAINES, PLLC**
221 West Exchange Avenue, Suite 306
Fort Worth, Texas 76164
www.patelgaines.com
(817) 394-4844 | Telephone
(817) 394-4344 | Facsimile

By: */s/ Lance H. "Luke" Beshara*
Lance "Luke" H. Beshara
Texas State Bar No. 24045492
lbeshara@patelgaines.com

**ATTORNEYS FOR PLAINTIFF**